IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL JAHON BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN STEVE UPTON, SR., et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:20-cv-90 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's three Motions requesting a preliminary injunction and temporary restraining order.  Docs. 8, 10, 12.  For the reasons discussed below, I **RECOMMEND** the Court **DENY** Plaintiff's Motions.

In the first Motion, Plaintiff states Defendants have been attempting to place gang-affiliated inmates in his cell.  Doc. 8 at 2.  Plaintiff further states his tablet used to contact family was disabled, and he was asked to move to general population.  Id. at 3–4.  Plaintiff requests a preliminary injunction and temporary restraining order to prevent Defendants from moving him into general population, from putting any other inmates in his cell, and from using disciplinary actions to deprive him of "his liberty interest."  Id. at 6–7.  In his second Motion, Plaintiff simply requests a ruling on his first Motion.  Doc. 10.  In the third Motion, Plaintiff states he was asked to move to another dorm in retaliation for his filing of a Prison Rape Elimination Act claim.  Doc. 12 at 1.  Additionally, Plaintiff repeats similar facts discussed in his first Motion.  Plaintiff requests a preliminary injunction and restraining order preventing Defendants from placing him in general population, from placing gang-affiliated inmates in his cell, and from retaliating

against him for pursuing his constitutional rights. Id. at 6–7. Plaintiff requests an order placing him on temporary protective custody until the Court resolves this case. Id. at 7.

A movant bears the burden of demonstrating four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).

Plaintiff has not shown a substantial likelihood of success on the merits at this point in the litigation. While Plaintiff repeatedly asserts he is generally in danger in these Motions, Plaintiff fails to explain why he will succeed on the merits of his case. In his first Motion, Plaintiff does not address this first requirement whatsoever. Doc. 8. In his third Motion, Plaintiff summarizes Eighth Amendment law and then summarily concludes he has satisfied the legal standard without any analysis. Doc. 12 at 6. Thus, Plaintiff has not satisfied his burden of showing he is entitled to temporary restraining or preliminary injunctive relief. Additionally, the Court is contemporaneously ordering Plaintiff to submit an Amended Complaint due to deficiencies in his original Complaint. Because of deficiencies in the original Complaint, Plaintiff also does not show a substantial likelihood he will succeed on the merits of his case in his Complaint or supplement. Docs. 1, 9.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for a preliminary injunction and temporary restraining order. Docs. 8, 10, 12.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA