IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL JAHON BUCHANAN,<br><br>   Plaintiff,<br><br>  v.<br><br>WARDEN STEVE UPTON, SR., et al.,<br><br>   Defendants. | CIVIL ACTION NO.: 5:20-cv-90 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 18. Because of deficiencies in Plaintiff's original Complaint, the Court ordered Plaintiff to submit an Amended Complaint. Doc. 14. The Amended Complaint is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's failure to intervene claim against Defendant Gillum, which alleges Defendant Gillum failed to intervene in medical malpractice by a nurse. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court has directed service of Plaintiff's deliberate indifference to safety claims against Defendants Upton, Grieco, Stone, Webb, Helms, Jones, Williams, Jordan, Sexton, Clements, Franklin, and Gillum. Doc. 21.

## PLAINTIFF'S CLAIMS[1]

Plaintiff claims a bounty for his life was placed on him by gang-affiliated inmates. Doc. 18 at 9. Plaintiff asserts he was transferred to Coffee Correctional Facility because he was

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017). Plaintiff initially filed a Complaint on July 14, 2020. Doc. 1. Then, on April 6, 2021, after being ordered to do so by this Court,

in danger at Jenkins Correctional Center. Id. Plaintiff states he requested protective custody on multiple occasions but his requests were repeatedly denied. Id. Plaintiff claims gang-affiliated inmates attempted to jump and stab him in the shower area on October 29, 2019. Id. at 10. Plaintiff claims Defendant Gillum failed to intervene after he visited the medical unit with her and was not provided with proper medical care by a nurse. Id. at 20. Plaintiff claims, "Gillum just stood there with no objections to this malpractice." Id. Plaintiff asserts he informed Defendants of this incident and his need for protective custody on numerous occasions. Id. at 11–20.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

doc. 14, Plaintiff filed an Amended Complaint. Doc. 18. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Court informed Plaintiff his Amended Complaint would "supersede and replace his original Complaint." Doc. 14 at 4.

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff claims Defendant Gillum violated his constitutional rights by failing to intervene in a nurse's medical treatment or lack thereof. The Eleventh Circuit Court of Appeals has held a correctional officer can be held liable for his failure to intervene in excessive force committed by another prison employee. Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (citing Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)). However, the officer must have been "in a position to intervene" to be held liable. Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998). The plaintiff bears the burden of demonstrating "the defendant was in a position to intervene but failed to do so." Id. (citing Hadley v. Gutierrez, 526 F.3d 1324, 1330–31 (11th Cir. 2008)).

However, the Court is not aware of any authority extending the failure to intervene claim to deliberate indifference to medical needs claims. Additionally, Plaintiff has not stated a viable underlying constitutional violation committed by the nurse when he claims the nurse at most committed medical malpractice.[2] Sanders v. City of Union Springs, 207 F. App'x 960, 965 (11th

---

[2] Plaintiff seems to only allege that the nurse in question failed to record certain injuries in his medical records—injuries the nurse characterized as "minor"—and Defendant Gillum failed to object to the nurse's decision to not record the injuries. Doc. 18 at 20.

3

Cir. 2006) ("[G]iven that the plaintiffs are unable to establish a constitutional violation [regarding the challenged action], their claim for failure to intervene [as to such action] must fail."); Sampson v. Fox, No. 5:18-CV-1834, 2019 WL 4492839, at *4 (N.D. Ala. Aug. 27, 2019). A mere medical malpractice claim does not constitute deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff has also not made factual allegations tending to show Defendant Gillum was in a position to intervene in medical treatment through her job as a Sergeant and Lieutenant at the prison. Doc. 18 at 5.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's failure to intervene in medical malpractice claim against Defendant Gillum.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Amended Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA