IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MICHAEL JAHON BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVE UPTON, SR., et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:20-cv-90 |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction for Temporary Protective Custody Order. Doc. 39. Defendants filed a Response in opposition. Doc. 41. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion.

## BACKGROUND

On July 14, 2020, Plaintiff brought this §1983 action against Defendants arising from an incident that occurred while Plaintiff was incarcerated in the Coffee County Correctional Facility. Docs. 1, 18 at 7. As a result of alleged threats on his life while housed there, Plaintiff filed three other motions requesting preliminary injunctions, which this Court denied. Docs. 8, 10, 12, 19. Plaintiff filed the instant Motion after he was transferred to Wheeler Correctional Facility ("Wheeler") on August 3, 2021. Doc. 39 at 2. In the Motion, Plaintiff explains he requested to be placed in protective custody, but the staff has not yet done so. Id. at 4. However, Plaintiff admits he was placed in a segregated room with no other roommate. Id. at 3. Plaintiff does not claim to have been placed in general population, or that there is any indication he will be at any point in the future. Id. Plaintiff states he fears for his safety because Defendant Upton

has become the Warden of Operations at Wheeler, and Defendant Upton is a named Defendant in this suit and was involved in the 2019 events that gave rise to this suit. Id. at 5. Plaintiff requests a preliminary injunction to prevent the staff at Wheeler from placing him into general population. Id. at 8. Additionally, he requests the Court grant him temporary protective custody and prevent the staff at Wheeler from utilizing disciplinary actions against him. Id. at 9.

## DISCUSSION

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate."

Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Here, Plaintiff does not demonstrate he is entitled to a preliminary injunction. Plaintiff has not shown a likelihood of success on the merits of his suit. In his Motion, he focuses solely on the perceived threats to his life since his move to Wheeler, with the only connection to his Amended Complaint being Defendant Upton's new position as Warden of Operations at Wheeler. Plaintiff also asks the Court to enjoin people who are not party to his suit. "Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party." Gomez v. United States, 899 F.2d 1124, 1127 (11th Cir. 1990). Additionally, while he cites pages of case law and states he has made the showing necessary to receive a preliminary injunction, Plaintiff does not provide facts which could show he has a substantial likelihood of success. Doc. 39 at 6–8. Accordingly, I **DENY** Plaintiff's Motion for Preliminary Injunction for Temporary Protective Custody Order.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction for Temporary Protective Custody Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party

waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO  REPORTED and RECOMMENDED**, this 22nd day of November, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA